## SHAW v SELLERS et

Ohio Appeals, 2nd Dist, Franklin Co

No 2838.   Decided Mar 28, 1938

Willis H. Liggett, Columbus, Keith Martin, Columbus, Attorneys for Plaintiff-Appellant.

Paul R. Gingher, Columbus, Thomas M. Miller, Columbus, Attorneys for Defendant-Appellees.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law ano fact.

Plaintiff avers that on July 1, 1935, he and the defendant George C. Sellers entered into a joint enterprise for the organization and development of a truck garage and storage business and in connection therewith an oil and gasoline business; that they selected a site consisting of one and two-thirds acres of land in Columbus, Ohio, which on October 31, 1935, was purchased and title taken in the name of defendant Sellers; that a terminal warehouse was constructed upon the premises, which has been leased to The Trans-American Freight Lines, Inc., which company is now in occupancy of the building and premises in connection therewith.

It was further averred that it was agreed by and between plaintiff and the defendant Sellers that he was to cause to be provided the necessary funds to purchase the real estate, erect the building and provide additional working capital, all not to exceed $10,000.00; that a corporation was to be organized with five hundred shares of no par common stock, 50% of which was to be issued to plaintiff, 49% to the defendant Sellers and one share to the defendant Eliza W. Sellers, the wife of defendant George C. Sellers; that the stock was to be issued as fully paid up and non-assessable and "was to be in payment for services rendered by the plaintiff and the defendant, George C. Sellers, in the organization of said business"; that when the truck terminal was ready for occupancy it was to be leased to the aforesaid corporation for a period of five years, with privilege of renewal for another five years and the corporation was to have an option to purchase the premises upon certain terms and conditions; that the plaintiff was to be president and general manager of the corporation, defendant Sellers to be secretary and treasurer thereof, and the compensation to be mutually agreed upon from time to time; that plaintiff and defendant contributed time and effort in developing the plan of organization of the company, selecting a site for the business, negotiating purchase of premises, drawing plans for construction of the terminal, procuring permits from the City of Columbus, purchasing real estate and that when the premises were ready for occupancy leases were made with various operators, who entered into and occupied the premises for a certain period.

It was further averred that some time subsequent to the conveyance of the real estate to defendant Sellers and the construction of the terminal building, defendant assumed control of the building and business in disregard of the provisions, terms and conditions of the agreement between the parties; that defendant refused to proceed with the organization of the corporation and without the knowledge or consent of plaintiff released the premises to The Trans-American Freight Lines, Inc., permitting it to go into occupancy of the premises for a period of five years at a gross rental of $21,000.00, payable in monthly installments of $350.00 each and has been collecting the rentals and has failed to account for the same or any part thereof to the plaintiff; that plaintiff has at all times been ready and willing to perform his part of the agreement and has endeavored so to do.

It was further averred that the defendant, on December 15, 1936, fraudulently and without consent executed and delivered to his wife, Eliza W. Sellers, defendant, a quitclaim deed for the real estate described in the petition.

It is averred that defendant Sellers has no other property or assets than the real estate described in the petition and his interest in the business and that the plaintiff is without remedy at law; that the value of the business, including real estate and improvements thereon, is in excess of the indebtedness owing on account of the organization and development thereof, which is incapable of an equitable division without great loss to both parties and it is necessary that a sale be had and equitable division of the proceeds be made after the payment of all legitimate claims in connection therewith.

Defendants Byerly and Lucas are lien claimants.

The prayer is that the partnership be dissolved, accounting had, a receiver named for the property, lease and assets of partnership; that the conveyance to Eliza W. Sellers be set aside and held for naught, the property ordered sold and after payment of debts proceeds of the business and property be divided between the parties according to their respective rights and for such other and further relief as is necessary in the premises.

Issue was joined by the joint answer of George C. and Eliza W. Sellers. A temporary restraining order was issued, restraining defendant Sellers from disposing of or encumbering the property described in the petition and the order set forth some further provisions which are not germane to our question.

The cause came on for trial after reply of plaintiff to the joint answer of defendant Sellers, at which time defendants objected to the introduction of any evidence, for the reason that the petition does not show that a partnership ever existed. This objection at the time was overruled and testimony of plaintiff was taken, at the end of which both parties rested and the Court found in favor of the defendants and after overruling a motion for new trial carried the judgment into a journal entry on behalf of the defendants upon the pleadings, dismissed the petition and dissolved the temporary restraining order. From this judgment the appeal is prosecuted.

We have been favored with the decision of the trial judge, who was of the opinion that no partnership existed between the parties; that the agreement between them was to form a corporation, each receiving certain designated shares thereof as payment for their services, incident to the organization and furtherance of the project; that by the averments of the petition the real estate was not purchased with joint funds but from the resources of defendant George Sellers only; that it is not averred, nor was it intended that the plaintiff was to have any interest in the real estate; that in this situation the real estate could not be impressed with a trust in favor of the plaintiff, and further, that if it was agreed that the plaintiff was to have an interest in the real estate, such agreement must have been in writing.

We are in accord with the conclusion reached by the trial judge for the reasons well set forth in his opinion, which we adopt.

The judgment was rendered upon the pleadings but the testimony taken and which comes to us in the form of a bill of exceptions is helpful, insofar as it enables us to construe any doubtful averments in the petition.

The facts appearing in the petition and supported by the testimony of plaintiff Shaw are convincing that the proceeds from which the parties, the plaintiff and defendant George Sellers, were to secure the avails of their respective efforts leading up to the formation of the business, were to come from the leasing of the terminal by the corporation to be formed. Upon the petition and the evidence, and there is nothing before us to support the answer, the plaintiff had no money in the project but had advanced his services, which were valuable because of his experience, and when the corporation was formed, the result of his experience, carried into the formation of the business, together with the money advanced by the defendant, George C. Sellers, was the corpus from which the plaintiff and the defendant were to secure their income.

There is nothing plead, nor does anything appear to the effect that there was an agreement that the plaintiff should have any interest in the real estate and certainly without a meeting of the minds upon this definite factor of a partnership, it could not be implied that it was intended that he was to have any interest in the real estate. Such a partnership cannot be created by implication but depends upon a contractual relation between the parties, and we are unable to find that the plaintiff had, or was it contemplated that he would ever have, any interest in the real estate or the improvements thereon. It therefore becomes necessary to pass upon the next question, namely, whether or not, if there were such an agreement, it could not be enforced because of the Statute of Frauds.

The petition is definite but the testimony of plaintiff makes it even more certain that without respect to what may have been in contemplation of the parties in their preliminary transactions, incident to the selection of a site for construction of the building, the efforts at leasing, etc., ultimately the plan and agreement was that a corporation should be formed, this corporation to be organized, officered and the shares therein set up and apportioned as heretofore set forth. This conclusion may have been reached as the parties went along in developing their mutual plans,

but that it was the final arrangement is well established.

The plaintiff says that when they got the business to going it was to be on a partnership basis and that after the building was completed the corporation was to be formed; that originally they, he and defendant, George C. Sellers, did not discuss the formation of a corporation but that later it was taken up in Mr. Huggins' office and that from and after November 18, 1935, the definite idea was that it was to be a corporation; that the necessary corporation papers were prepared and defendant, George C. Sellers, notified, but that although plaintiff approved the conditions of the corporation and agreement said defendant failed to come forth and sign and complete the necessary papers. In this situation the breach was the failure on the part of the defendant to go through with the arrangements whereby the corporation would be formed and the business thereafter carried on as by the agreement theretofore made. The payments to plaintiff and to the defendant, George Sellers, were to come from the shares in the corporation to be formed.

The trial court held that in this situation the action was not properly instituted as one for receivership and accounting but should be predicated upon an action at law for damages for breach of contract. With this conclusion we also concur.

In view of the opinion of the trial court and our concurrence therein, it is not necessary to discuss at length the claim of the plaintiffs that the agreement between the parties constituted a joint venture and the cases cited by opening counsel contra thereto.

Judgment will be entered for the defendants-appellees.

BARNES, PJ, and GEIGER, J, concur.